**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PAMELA WOULARD,

           Plaintiff,

v.

COMENITY BANK,

           Defendant.

CIVIL COMPLAINT

CASE NO.  1:17-cv-00176

DEMAND FOR JURY TRIAL

**COMPLAINT**

    NOW comes PAMELA WOULARD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Defendant") as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

<u>PARTIES</u>

4.   Plaintiff is a 40 year old natural person and is a "consumer" as defined by 815 ILCS 505/1(e) of the ICFA.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Plaintiff is a "person" as defined by 815 ILCS 505/1(c) of the ICFA.

7.   Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware.  Defendant is a foreign company that conducts business with consumers across the country, including Illinois.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

11. Plaintiff obtained a Dots consumer credit card issued through Defendant which she used to purchase personal household goods.  *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

12. After incurring charges on the credit card, Plaintiff would routinely make payments.  *See* Exhibit A.

13. After experiencing financial hardship, Plaintiff eventually defaulted on her payments to Defendant. *Id.*

14. In approximately June 2015, after her default, Plaintiff began receiving calls to her cellular phone, (773) XXX-0644, from Defendant seeking to collect upon this debt. *Id.*

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0644. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. Defendant has rotated calling Plaintiff from a variety of phone numbers, including: (303) 255-5351, (614) 212-5287, (614) 212-5288. *Id.*

17. Upon information and belief, the aforementioned phone numbers are utilized by Defendant to contact consumers during its debt collection activities.

18. When answering calls from Defendant, Plaintiff often experiences a slight pause, a few seconds in length, before a live representative begins speaking. *Id.*

19. On other answered calls from Defendant, Plaintiff is greeted with a pre-recorded message before being transferred to a live representative. *Id.*

20. Lacking the ability to fully pay Defendant, Plaintiff informed it of her situation and asked it to stop calling her. *Id.*

21. Despite her request, Defendant has continued to relentlessly call Plaintiff's cellular phone up until the date of the filing of the present action. *Id.*

22. Even after being told that she does not wish to be contacted, Defendant has called Plaintiff's cellular phone multiple times during the same day, with some of the calls coming in just seconds apart. *Id.*

23. For instance, on August 12, 2015, August 18, 2015, and August 19, 2015, Defendant called Plaintiff's cellular phone not less than 7 times each day. *Id.*

24. In addition, on August 11, 2015 and August 17, 2015, Defendant called Plaintiff's cellular phone not less than 6 times each day, and on August 3, 2015, and August 6, 2015, it called her cellular phone not less than 5 times each day. *Id.*

25. Plaintiff has received not less than 78 phone calls from Defendant after asking it to stop calling her. *Id.*

26. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

27. Plaintiff has suffered financial loss as a result of Defendant's actions.

28. With the goal of ending Defendant's conducts, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

29. Plaintiff has suffered actual harm, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the

capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The slight pause, a few seconds in length, that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the pre-recorded message that Plaintiff experiences on other answered calls from Defendant is indicative that an ATDS was used. Lastly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

33. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Even if Plaintiff *may* have consented to receive collection calls from Defendant through means of an ATDS, such permission was explicitly revoked by her demands to cease contact.

34. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, PAMELA WOULARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS
CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she requested that it no longer call her phone.  Defendant ignored Plaintiff's demands and continued to contact her at least 78 times after she made her request.  Following its characteristic behavior in placing voluminous phone calls to consumers with past due accounts, the calls here were placed with the hope that Plaintiff would be compelled to make payment.

39. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling.  Defendant placed as many as seven phone calls in one day on three different days, as many as six phone calls in one day on two different days, and as many as five phone calls in one day on two different days.  Placing this many calls in a single day, on

multiple days, is extremely harassing behavior that amounts to unfair practice, especially after being told that she does not wish to be contacted.

40. Not only did Defendant ignore Plaintiff's prompts to cease its calls, and continued to seek payment from her by calling her multiple times in the same day, but it also placed phone calls using a variety of phone numbers. This conduct is a deceptive attempt by Defendant to trick Plaintiff into answering and to ultimately coerce her into submission.

41. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

43. As pled in paragraphs 25 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, PAMELA WOULARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 10, 2016                     Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com